IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

ALEJANDRO AGUIRRE,

        Plaintiff,

vs.                                       No. 1:21-cv-1017

THE UNITED STATES OF AMERICA;
JANE & JOHN DOES 1-10; and BLACK & WHITE
CORPORATIONS 1-10,

        Defendants.

## COMPLAINT FOR NEGLIGENCE
## RESULTING IN PERSONAL INJURIES

Plaintiff, by and through his undersigned counsel, file his ***Complaint for Negligence Resulting in Personal Injuries,*** and state that this is an action pursuant to the Federal Tort Claims Act, 28 USC § 2671, *et. seq.* (hereinafter the "FTCA"), as well as for those claims arising under state law pursuant to 28 USC § 1367(a). Plaintiff invokes the supplemental jurisdiction of this court over the non-federal defendants.

## PARTIES AND JURISDICTION

1.    Plaintiff Alejandro Aguirre resides at 4444 East Benson Hwy., Space 148, Tucson, State of Arizona.

2.    Defendant UNITED STATES OF AMERICA, by and through its federal agency, the United States Department of Veteran Affairs, a federal government entity, operates and maintains the Raymond G. Murphy Veteran's Administration Medical Center ("Hospital") located at 1501 San Pedro Dr SE, Albuquerque, NM 87108. At all times material, Defendant United States was the owner of this Hospital in Albuquerque, New Mexico.  At all times material, the Defendant

United States had, without limitation, and through the federal employees who had daily control, supervision, direction, contractual performance, hiring, remediation, and termination of employment and granting and cancellation of contracts, over the acts and failures to act of any and all persons, agents, individuals, corporations, contractors, and/or independent contractors in the operation and maintenance of the Hospital as a federal building and properties. It is alleged that these federal employee(s) were employed in their official federal employment capacities to supervise that the patient tracking system for the Hospital and imposed deadlines which were implemented and maintained to exercise control and to direct and supervise the referenced construction/maintenance/repair services for the benefit of the Hospital. Defendant United States additionally put out for bid(s) requests for proposals to install the patient tracking monitor system for the Hospital and other similarly situated federal hospital facilities throughout the United States.

3. On April 1, 2019, and at the time of his injuries, Plaintiff was an employee of D-Square Construction, LLC, ["D Square"], Tucson, Arizona, and was a low voltage technician working at the Hospital.

4. Canyon Ridge Specialties, Inc. dba Ridgepoint Electric, P.O. Box 17599, Tucson, Arizona 85731 ["Canyon"] was facilitating the coordination of the work project which, upon information and belief, supervised, directed, retained, controlled, and hired D-Square Construction for the work performed at the Hospital at the date and time of Plaintiff's injuries.

5. Defendants JOHN & JANE DOES 1-10 are unknown Defendant employees or employers, and/or contractors or other persons yet to be identified who may have had some involvement with the negligent acts and failures to act giving rise to Plaintiff's claims. These defendants hired Canyon Ridge Specialties, Inc. dba Ridgepoint Electric which in turn hired D-Square, the employer of Plaintiff. Once these individuals are identified, this Complaint will be

amended to reflect such knowledge. There will be no violation(s) of the New Mexico three (3) years Statute of Limitations inasmuch as Plaintiff was injured on April 1, 2019 in Albuquerque, New Mexico and such amendments will relate back pursuant to Federal Rules of Civil Procedure, Rule 15(b).

6.     Defendants BLACK & WHITE CORPORATIONS 1-10 are unknown entities or other corporations or business entities yet to be identified who may have had some involvement with the negligent acts and/or failures to act giving rise to Plaintiff's claims. These defendants hired Canyon Ridge Specialties, Inc. dba Ridgepoint Electric which in turn hired D-Square, the employer of Plaintiff. Once these entities are identified, this Complaint will be amended to reflect such knowledge. There will be no violation(s) of the New Mexico three (3) years Statute of Limitations inasmuch as Plaintiff was injured on April 1, 2019 in Albuquerque, New Mexico and such amendments will relate back pursuant to Federal Rules of Civil Procedure, Rule 15(b).

7.     It is alleged and therefore averred that the unknown Defendants John and Jane Does 1-10 and Black & White Corporations 1-10 were general contractors with Defendant United States for purposes of performing certain contracted patient monitor tracking systems at the Hospital and other Veteran Administration Hospitals throughout the United States.

8.     It is alleged and therefore averred that the unknown Defendants John and Jane Does 1-10 and Black & White Corporations 1-10 filed contractual bids with the Department of Veteran's Affairs and the United States to secure performance contracts to conduct the installation of the patient monitor tracking systems for those acts performed by Plaintiff at the Hospital.

9.     Plaintiff will investigate the origin of any contractual bids (national and/or local) filed by Defendants John and Jane Does 1-10 and Black & White Corporations 1-10 and awarded

by the Defendant United States for purposes of identifying said contracts and performance bids relevant to Plaintiff's claims for relief.

10.     On April 8, 2021, Plaintiff sent via certified mail return receipt requested a Freedom of Information Request (FOIA) to the FOIA/Privacy Officer at the Hospital. Such FOIA request was sent approximately 30 days before Final Agency Action.

11.     Plaintiffs will seek the requested FOIA materials in the first round of written production discovery.

12.     Within two years of the date of claims set forth herein which are subject to the FTCA, the administrative claims were presented to the United States and the United States Department of Veteran Affairs pursuant to 28 U.S.C. § 2675(a). Defendant United States and the United States Department of Veteran Affairs has made a final agency determination and Plaintiff has timely filed this action within the six months period of denial of claim as provided by the FTCA. The final agency determination was issued on May 13, 2021, thereby making this claim for relief timely.

13.     This Court has jurisdiction over the parties and subject matter hereto pursuant to 28 USC § 1346(b) and 28 USC §1367(a). If the Defendant United States was a private person it would be liable to the Plaintiff in accordance with the laws of the State of New Mexico. All the other yet to be identified defendants are subject to this Court's jurisdiction pursuant to the Court's supplemental jurisdiction arising under 28 USC §1367(a).

**FACTUAL EVIDENCE RELEVANT TO ALL CLAIMS**

14.     Plaintiffs re-allege Paragraphs 1 through 13 as though fully recited at length herein.

15.     Defendant United States entered into contract(s) with Defendants John and Jane Does 1-10 and Black & White Corporations 1-10 who in turn contracted with other yet to be

identified entities for performing work nationally and/or at the Hospital to perform the contractual services and ultimately for the benefit of the Defendant United States.

16.     Defendants John and Jane Does 1-10 and Black & White Corporations 1-10 may be a national contractor who successfully bid for contract work with the Defendant United States at the Hospital, which in turn hired subcontractors to perform the contracted maintenance, construction, and repair services.

17.     At all times material, the Defendant United States had, without limitation, daily control, direction, supervision, direction, contractual performance, remediation, cancellation of contract, hiring, and termination of employment over the acts and failures to act of any and all persons, agents, individuals, corporations, contractors, and/or independent contractors in the operation and maintenance of the Hospital as a federal building and properties. At all times material, the Defendant United States had control and direction over the day-to-day acts and failures to act of its employees and agents, including any and all independent contractors such as, and any other defendants, in the operation and maintenance of the Hospital, building, and properties. Defendant United States had control over the day-to-day operations inasmuch as the Defendant United States directed, supervised, controlled, and otherwise maintained the day-to-day operation of the work by a federal employee(s) of the United States and contractors hired by the Defendant United States to perform building maintenance, repairs, and construction. As the owner of the Hospital, Defendant United States had a non-delegable duty to ensure the safety and well-being of the general public, including Plaintiff, and had a duty to prevent harm to business visitors by any negligent acts and/or failures to act by Defendants John and Jane Does 1-10 and Black & White Corporations 1-10.

18.     On April 1, 2019, at about 9:00 to 10:00 am, Plaintiff's work responsibilities included crawling in the intestinal crawl[1] spaces at the Hospital facility to perform his duties as a low voltage technician for the installation of the patient tracking system work to be performed at the Hospital.



*Interstitial Space*

19.     On the date and time of loss, Plaintiff was running CAT 6 cable down to the nurse's station in the interstitial area and from the nurse's station on top of the ceiling tiles and from room to room.

20.     The purpose of Plaintiff's duties at the Hospital was to wire the Hospital for a tracking system to monitor the Hospital patients to prevent wandering outside of the designated areas. Plaintiff claims that this contract performance was for the VA Hospitals regionally and the United States nationally.

21.     Plaintiff was kneeling down on his knees on the floor in the interstitial space to run the cable down to the open spaces and locations to serve the patient tracking monitor system distribution areas.

---

[1] An interstitial space is an intermediate space located between regular-use floors, commonly located in hospitals and laboratory-type buildings to allow space for the mechanical systems of the building.

22.     Plaintiff was required to crawl in the interstitial space where other contractors left soldering debris, shavings from the soldering, pieces of electric wire and other substances.

23.     At said time and date, some unknown object poked into Plaintiff's right knee.

24.     Thinking that there was only a poke in the right knee when he crawled out from the interstitial space, Plaintiff saw blood coming from his right knee.

25.     Plaintiff kept working his job duties throughout the balance of the day, including crawling in the interstitial area, and back down to the nurses' station to drop more CAT 6 cable.

26.     As a direct and proximate result of this right knee puncture wound, Plaintiff has suffered right leg, thigh, and calf necrotizing fasciitis requiring immediate surgeries.

27.     Plaintiff further claims that Defendants, and each of them, failed to protect Plaintiff from, without limitation, Beta Hemolytic Streptococcus Group A, necrotizing fasciitis, and/or methicillin-resistant staphylococcus aureus (MSRA).

28.     Plaintiff has suffered a permanent leg injury and other medical conditions and injuries as a direct and proximate result of the negligent acts and failures to act at the Hospital by Defendants.

29.     Plaintiff is entitled to recover damages from Defendants for all allowable state law damages, including without limitations, past and future medical expenses, pain and suffering, loss of enjoyment of life, loss of consortium, hedonic and other damages as may be proven before the trier of fact.

## COUNT I

## PREMISES LIABILITY AS TO ALL DEFENDANTS

30.     Plaintiffs re-allege Paragraphs 1 through 29 as though fully recited at length herein.

31.     Defendants, and each of them, had the duty to keep the Hospital premises in a safe condition.

32.     Defendants, and each of them, breached the duty to keep the Hospital in a safe condition and were negligent in failing to do so which proximately caused Plaintiff's injuries.

33.     Defendants, and each of them, knew or should have known that there was a potential danger to persons such as Plaintiff at the Hospital, but Defendants did nothing to correct the dangerous condition, or alternatively, warn Plaintiff of the dangerous condition.

34.     Defendants, and each of them, were negligent in one or more of the following respects:

      (a)   Creating the dangerous condition;

      (b)   Failing to inspect, discover, and correct the dangerous condition;

      (c)   Failing to warn Plaintiff of the dangerous condition;

      (d)   Failing to protect Plaintiff from the dangerous condition;

      (e)   Negligently failed to realize that there was negligent training, direction, supervision, and control at the Hospital; and,

      (f)   Any other respects as may be shown at the trial of this matter.

35.     At all times material hereto, Defendants, and each of them, had the non-delegable duty to keep the premises safe, to supervise any and all contractors, independent contractors, agents, its employees and those of any contractor and corporation.

36.     Defendants, and each of them, are vicariously liable for any negligence of its employees, agents, and/or contractors through the *Doctrine of Respondeat Superior.*

37.     As a proximate result of the direct or vicarious negligence of Defendants, and each of them, and its employees and/or agents, and/or contractors, Plaintiff sustained personal injuries for which will continue to need lifetime medical care and services.

## COUNT II

### NEGLIGENCE AGAINST DEFENDANT UNITED STATES

38.     Plaintiffs re-allege Paragraphs 1 through 37 as though fully recited at length herein.

39.     At all times material, Defendant had control over the contractors and subcontractors, Defendants John and Jane Does 1-10 and Black & White Corporations 1-10, and maintained exclusive control over its premises and any contractors and the respective employees and/or independent contractors of said contractors.  Defendant owned and was responsible for maintaining the Hospital.

40.     Defendant was the final decision-making entity to determine who was to be contracted to perform at the Hospital, and could not delegate away such final decision-making authority or duty to maintain a safe environment for those persons lawfully allowed to be on Defendant's premises.

41.     Defendant owed Plaintiff a non-delegable duty to use ordinary care to keep the Hospital premises safe for Plaintiff's use.

42.     Defendant United States and its federal agency, the Department of Veteran Affairs, breached its duties to Plaintiff in failing to keep the premises in a safe and maintained condition, which such breach of duty caused Plaintiff's permanent and irreparable injuries.

43.     Defendant and its federal agency, the Department of Veteran Affairs, knew or should have known that the construction condition at the Hospital was a potential danger to persons

such as Plaintiff, but Defendant did nothing to correct the dangerous condition, or alternatively, warn Plaintiff of the condition.

44.     Upon information and belief, Defendant United States contracted with, and other defendants and yet to be identified defendants, to perform the installation of the patient tracking monitoring system at the Hospital in which Plaintiff was employed to work there in installing CAT 6 cable, and to maintain the Hospital premises in a safe condition.

45.     By virtue of its contractual relationship with Defendant United States and other defendants and yet to be identified defendants, Defendant owed a duty to Plaintiff to maintain the Hospital premises in a safe condition and to supervise, regulate, direct, control, and otherwise ensure to Plaintiff that the premises of the Hospital would be free from any known and foreseeable dangerous condition(s). It is further claimed that Defendant United States failed to warn Plaintiff of the potential hazard at the Hospital proximately causing his injuries.

46.     Defendant, its employees and/or agents, and/or independent contractors, and other defendants and yet to be identified defendants, were negligent, without limitation, in one or more of the following respects:

      (a)  Creating the dangerous condition;

      (b)  Failing to inspect, discover, and correct the dangerous condition;

      (c)  Failing to warn Plaintiff of the dangerous condition;

      (d)  Failing to protect Plaintiff from the dangerous condition;

      (e)  Defendant United States maintained daily control of the Hospital through individual federal employees, including the Contracting Officer for the Hospital over the day to day operations and other defendants and yet to be identified defendants, specifically directing how the installation and maintenance of the patient tracking

monitor system was to be performed, directing the manner and style of how such tasks were to be performed, and that yet to be identified defendants were not entirely free to do the work its own way;

(f) Negligently supervising the contractor(s) and/or independent contractor(s) by the federal employee(s) so designated regarding the dangerous condition;

(g) Other yet to be identified defendants' duties were not so specialized as to relieve the Defendant United States from its liability in controlling and directing the installation of the patient tracking monitoring system at the Hospital;

(h) Negligently failed to realize that there was negligent training, direction, supervision, control, at the Hospital that could injure a lawful visitor such as Plaintiff; and,

(i) Any other respects as may be shown on the trial of this matter.

47. As a direct and proximate result of the direct or vicarious negligence of Defendant and breach of such duties, Plaintiff sustained serious personal injuries for which he will continue to need lifetime medical care and services.

48. Plaintiff is entitled to recover damages from Defendant for past and future medical expenses, pain and suffering, permanent injuries, loss of enjoyment of life, hedonic damages, loss of consortium, and other damages as may be proven before the trier of fact.

49. As a proximate result of the direct or vicarious negligence of Defendant, Plaintiff sustained serious personal injuries for which he has obtained and will continue to need medical care and services.

50.     Plaintiff is entitled to recover damages from Defendant for past and future medical expenses, pain and suffering, permanent injuries, loss of enjoyment of life, hedonic damages, and other damages as may be proven before the trier of fact.

## COUNT III

## NEGLIGENT CONTRACTING, SUPERVISION, HIRING, RETENTION, CONTROL, DIRECTION AGAINST ALL DEFENDANTS

51.     Plaintiffs reallege Paragraphs 1 through 50 as though fully recited at length herein.

52.     Defendants owed a duty to Plaintiff to contract, train, supervise, direct, control, retain, train, discipline, and/or terminate with a person or entity that would at all times carry out its contractual obligations in a reasonable, prudent and competent manner.

53.     Defendants, including Defendant United States, knew or should have known that yet to be identified defendants, were sufficiently competent or responsible to properly carry out the duty to perform the patient tracking monitoring system at the Hospital, and failed to use the proper equipment to carry out their duties, and additionally failed to warn Plaintiff of the foreseeable likelihood that such lack of care would cause injury at the Hospital.

54.     Defendant United States retained day to day supervision and control over yet to be identified defendants, and retained such control that such contractors were not entirely free to do the work its own way, but Defendant United States intervened on a daily and/or regular fashion directing how and in what manner its tasks were to be accomplished.

55.     Defendants, its employees and/or agents and/or their independent contractors, were negligent, without limitation, in one or more of the following respects:

        (a)  Creating the dangerous condition;

        (b)  Failing to inspect, discover, and correct the dangerous condition;

        (c)  Failing to warn Plaintiff of the dangerous condition;

(d)   Failing to protect Plaintiff from the dangerous condition;

(e)   Defendant United States maintained daily control of the Hospital through individual federal employees, including yet to be identified defendants, specifically directing how the patient monitor tracking system was to be installed and were not entirely free to do the work its own way;

(f)   Negligently supervising the contractor(s) and/or independent contractor(s) by the federal employee(s) so designated regarding the dangerous condition known or should have been known by them to the Hospital;

(g)   Yet to be identified defendants' duties were not so specialized as to relieve the Defendant United States from its liability in controlling and directing the maintenance and installation of the patient tracking monitor system;

(h)   Negligently failed to realize that there was negligent training, direction, supervision, control, at the Hospital with these other itself and other yet to be identified defendants to injure a lawful visitor such as Plaintiff; and,

(i)   Any other respects as may be shown on the trial of this matter.

56.    As a foreseeable, direct, and proximate result of Defendants' negligence and breach of its duties, Plaintiff has suffered damages as alleged above.

57.    As a proximate result of the direct or vicarious negligence of Defendants, Plaintiff sustained serious personal injuries for which he will continue to need lifetime medical care and services.

58.    Plaintiff is entitled to recover damages from Defendants for past and future medical expenses, pain and suffering, permanent injuries, loss of enjoyment of life, hedonic damages, and other damages as may be proven before the trier of fact.

## COUNT IV

### NEGLIGENT CONTRACTING, SUPERVISION, HIRING, RETENTION, CONTROL, AND DIRECTION AGAINST DEFENDANT UNITED STATES AND DEFENDANTS' JOHN AND JANE DOES 1-10 AND BLACK AND WHITE CORPORATIONS 1-10

59.     Plaintiffs reallege Paragraphs 1 through 58 as though fully recited at length herein.

60.     Defendants contracted with Defendant United States to perform the installation of the patient tracking monitoring system to be performed specifically at the Hospital at the time and date of Plaintiff's injuries.

61.     Upon information and belief, Defendants' contract with the Defendant United States specifies the contractor's responsibilities are, without limitation: (1) to comply with all applicable OSHA, DOD, DeCA and installation regulations, (2) to establish and forward to the Contracting Officer (USA) a complete quality control plan; (3) to establish an inspection system that covers all the services to be performed under the contract, and (4) to furnish and install at no additional cost to the Government, all materials required to perform maintenance in accordance with the manufacturer's specifications.

62.     Defendants' contractual duties with Defendant United States were, without limitation:

a.      To provide all personnel, whether employees or independent contractors engaged on its behalf required to undertake services for the installation of the patient tracking monitor system;

b.      To monitor on a regular and continuous basis the services provided by and provide written reports;

c.      To inform its employees or independent contractors of the day-to-day changes and to ensure that the work area for all contractor and employees is clean and in good repair without any dangerous debris on the interstitial surface;

d.      To provide the location of the work performed so that such work may be inspected and reviewed;

e.      Shall maintain and permit examination of all documents, invoices, and records in connection with the services rendered by any contractor;

f.      Shall ensure that all personnel performing services abide by any and all performance and safety standards for the performance of services

63.      Defendants, its employees and/or agents and/or their independent contractors, were negligent, without limitation, in one or more of the following respects:

(a)  Creating the dangerous condition;

(b)  Failing to inspect, discover, and correct the dangerous condition;

(c)  Failing to warn Plaintiff of the dangerous condition;

(d)  Failing to protect Plaintiff from the dangerous condition;

(e)  Negligently supervising their respective identified, and yet to be identified, employees and/or contractors who created the dangerous condition;

(f) Negligently failed to realize that there was negligent training, direction, supervision, control, hiring, termination, and/or discipline among each of the defendants and their employees and/or independent contractors at the Hospital;

(g) Negligently contracting and hiring contractors, employees, independent contractors and personnel in the performance of the services to be performed at the Hospital at the time and date of Plaintiff's injuries; and,

(h)  Any other respects as may be shown on the trial of this matter.

64.     As a foreseeable, direct, and proximate result of Defendants' negligence and breach of said duties, Plaintiff has suffered damages as alleged above.

65.     As a proximate result of the direct or vicarious negligence of Defendants, Plaintiff sustained serious personal injuries for which he will continue to need medical care and services.

66.     Plaintiff is entitled to recover damages from Defendants for past and future medical expenses, pain and suffering, permanent injuries, loss of enjoyment of life, hedonic damages, and other damages as may be proven before the trier of fact.

## COUNT VI

## VICARIOUS LIABILITY AGAINST ALL DEFENDANTS

67.     Plaintiff realleges Paragraphs 1 through 66 as though fully recited at length herein.

68.     Defendants, and each of them, are liable for any negligence of its employees, agents, and/or contractors through the *Doctrine of Respondeat Superior.*

69.     As a foreseeable, direct, and proximate result of Defendants' negligence and breach of said duties, Plaintiff has suffered damages as alleged above.

70.     Plaintiff is entitled to recover damages from Defendants for past and future medical expenses, pain and suffering, permanent injuries, loss of enjoyment of life, hedonic damages, and other damages as may be proven before the trier of fact.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on those issues so triable pursuant to Federal Rules of Civil Procedure, Rule 38.

WHEREFORE, Plaintiff prays for an order of the Court giving judgment against the Defendants, and each of them, in an amount reasonable to compensate Plaintiff for his damages as follows:

1.　　For compensatory and consequential damages;

2.　　For pre and post judgment interest;

3.　　For attorney's fees and taxable costs; and

4.　　For other and further relief deemed warranted under the circumstances.

Respectfully submitted,

BARUDIN LAW FIRM, P.C.

By: **_/s/ Theodore W. Barudin_**
　　Theodore W. Barudin
　　7900 Menaul Blvd NE
　　Albuquerque NM  87110-4606
　　(505) 332-1800
　　tbarudin@barudinlaw.com


THE JAFFE LAW FIRM
　　Mark S. Jaffe
　　1001 Gold Avenue, SW
　　Albuquerque, NM 87102
　　(505) 242-9311
　　msj01@aol.com

*Attorneys for Plaintiff*